IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD SMITH,<br><br>                       **Plaintiff,**<br><br>     v.<br><br>TROOPER JOHN STEPANSKI,<br><br>                       **Defendant.** | CIVIL ACTION<br>NO. 22-4739 |

## ORDER

**AND NOW**, this 21st day of November, 2023, upon consideration of several filings and representations made by counsel at two conferences,[1] it is hereby ordered that Defendant's Motion for Judgment on the Pleadings (ECF No. 18) is **GRANTED in part and DENIED in part.**

It is **FURTHER ORDERED** as follows:

1. The motion is **GRANTED** as to all claims except for the malicious prosecution claim under 42 U.S.C. § 1983: Count I's claims of false detention, false arrest, and false imprisonment under § 1983 are **DISMISSED WITH PREJUDICE** because they are untimely.[2]

---

[1] The court has considered the Complaint (ECF No. 1), the Amended Answer (ECF No. 10), the Defendant's Motion for Judgment on the Pleadings (MJOP) (ECF No. 18), the Plaintiff's Response to the MJOP (Response) (ECF No. 19), the Defendant's Reply in support of the MJOP (Reply) (ECF No. 20), and any documents attached to those filings. The court has also considered representations made by counsel at the initial pretrial conference held on April 12, 2023, and the status conference held on November 6, 2023.

[2] There is a two-year statute of limitations for each of the claims that Mr. Smith has brought under § 1983. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015) (explaining that § 1983 claims are governed by the statute of limitations for personal injury tort claims in the state in which the § 1983 claim arises, and that Pennsylvania's relevant statute of limitations, 42 Pa.C.S. § 5524, sets a two-year statute of limitations for most personal injury torts). The statute of limitations period for wrongful arrest, false detention, and false imprisonment begins on the date of the plaintiff's arrest and initial detention without process. *See Weston v. City of Phila.*, No. 17-cv-2432, 2017 WL 3722435, at *3 (E.D. Pa. Aug. 29, 2017).

Count IV's claim of malicious prosecution and Count V's claim of intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE** because they are state law claims that are barred by the doctrine of sovereign immunity.[3]

2. The motion is **DENIED** as to the federal malicious prosecution claim.[4]

---

However, the statute of limitations for a malicious prosecution claim does not begin to run until the date that the underlying prosecution terminates in the plaintiff's favor. *See Heck v. Humphrey*, 512 U.S. 489-90 (1994); *Coello v. DiLeo*, 43 F.4th 346, 355 (3d Cir. 2022) (applying *Heck*).

 Mr. Smith was arrested and initially incarcerated on January 30, 2020. *See* Compl. ¶¶ 9, 14. Thus, the two-year statute of limitations for the claims of false detention, false arrest, and false imprisonment ran on January 30, 2022. Because the complaint was filed November 29, 2022, these claims are time barred and must be dismissed. However, the underlying criminal action was dismissed on December 1, 2020. *See id.* at ¶ 15. The favorable termination of that prosecution triggered a two-year clock for the malicious prosecution claim that would have run on December 1, 2022. Therefore, the malicious prosecution claim is timely.

[3] Mr. Smith has raised state tort claims of malicious prosecution and intentional infliction of emotional distress. Defendant State Trooper John Stepanski correctly argues that he is entitled to sovereign immunity and cannot be sued for either of these claims. *See* MJOP 9-10; Reply 3.

 Pennsylvania state troopers are employees of the Commonwealth of Pennsylvania who enjoy sovereign immunity from lawsuits unless they have specifically waived the immunity. *See Greenberg v. Caesers Entm't Corp.*, No. 14-cv-4796, 2015 WL 2069411, at *3 (E.D. Pa. May 5, 2015). Commonwealth employees enjoy *See* 1 Pa.C.S.A. § 3210. Here, Mr. Smith alleges and Trooper Stepanski largely does not dispute that Trooper Stepanski stopped Mr. Smith's rental car for an alleged moving violation, searched the car without Mr. Smith's consent and arguably without probable cause, and recovered a firearm from the car and charged Mr. Smith with several violations of the Uniform Firearms Act. *See* Compl. ¶¶ 9-13; Am. Ans. ¶¶ 9-13. Based on these facts, none of the categories of tortious conduct for which the General Assembly has waived sovereign immunity applies to this case. *See* Sovereign Immunity Act, 42 Pa.C.S.A. § 8522 (listing ten categories of conduct in which immunity is waived).

 Mr. Smith argues that officials can be stripped of their immunity if their conduct was willful or malicious. *See* Response 7-9. However, Mr. Smith erroneously relies on the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8546, which applies to employees of local agencies and not state employees. *See id.* There is no comparable exception for intentional conduct in the Sovereign Immunity Act. *See Kull v. Guisse*, 81 A.3d 148, 154 n.5 (Pa. Cmwlth. 2013); *Greenberg*, 2015 WL 2069411, at *3 (collecting cases). Therefore, sovereign immunity bars these two state claims.

[4] Trooper Stepanski has also asserted that the court must dismiss the federal malicious prosecution claim, but that argument is unpersuasive primarily because it fails to address recent Supreme Court jurisprudence. A plaintiff proves a malicious prosecution claim by showing that:

> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in [the] plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Harvard v. Cesnalis*, 973 F.3d 190, 203 (3d Cir. 2020) (quoting *Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). The United States Supreme Court recently held that a plaintiff claiming malicious prosecution under § 1983 is not required "to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49 (2022). *Thompson* abrogated the Third Circuit's holding in *Kossler v. Crisanti*, 564 F.3d 181 (3d Cir. 2009), that a malicious prosecution claim requires a showing of innocence. *See Thompson*, 596 U.S. at 41; *Coello*, 43 F.4th at 354 (acknowledging that *Thompson*'s abrogation of *Kossler* has "streamlined [the] favorable-termination analysis" of malicious prosecution claims).

Trooper Stepanski generally argues that the illegality of the search that uncovers incriminating evidence is irrelevant to the court's consideration of whether probable cause existed to support the underlying prosecution. *See* MJOP 7-8; Reply 1-2 ("[t]he question is not whether the **search** was unlawful (which would be an illegal search claim) or whether the **arrest** was unlawful (which would be a false arrest claim) but rather whether the **charges** were unlawful.") (emphasis in original).

Trooper Stepanski's argument repeatedly erroneously invokes the innocence standard. *See, e.g.*, MJOP 7 (quoting *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000) to claim that "a plaintiff claiming malicious prosecution must be innocent of the crime charged in the underlying prosecution"); MJOP 7 ("The exclusionary rule is inapplicable when determining innocence in a Section 1983 claim."); MJOP 7-8 ("[W]here prosecutors drop charges after evidence is suppressed in a criminal case, courts nevertheless dismiss civil claims for malicious prosecution (and false arrest) because the plaintiff has failed to show actual innocence"). But *Thompson* directs courts to remove innocence from the equation. Trooper Stepanski's briefings do not mention *Thompson*, although it is clear from conversations with counsel that counsel is aware of the case and chose not to brief it. It does not logically follow that prosecutions are supported by probable cause whenever a person is not actually innocent.

Additionally, Trooper Stepanski's cited cases all predate *Thompson*, apart from one case that was decided before *Thompson* and affirmed on other grounds by the Third Circuit after *Thompson*. Most of the cases cited are not binding on this court, and none of the cases cited reach the narrow issue of whether charges can be supported by probable cause if those charges are entirely premised on a search that was unlawful based on the text of the affidavit of probable cause.

To be clear, Trooper Stepanski's argument may ultimately be persuasive with additional briefing. It may be true that *Thompson* has no bearing on the probable cause analysis for a malicious prosecution claim, and that the district court must evaluate what the officer knows at the moment of an arrest in a vacuum and ignore whether the search that discovered contraband was unconstitutional. The *Thompson* Court expressly declined to consider whether its holding

3

3.  The parties are directed to refer to a forthcoming amended scheduling order for further briefing instructions on the Defendant's Motion for Summary Judgment.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge

---

would impact probable cause determinations. *See Thompson,* 596 U.S. 36, 48-49 ("[R]equiring a plaintiff to show that his prosecution ended with an affirmative indication of innocence is not necessary to protect officers from unwarranted civil suits—among other things, officers are still protected by the requirement that the plaintiff show the absence of probable cause and by qualified immunity .... We express no view ... [on] whether [Thompson] was charged without probable cause").

The precedential case that appears to most support Trooper Stepanski's argument is *Hector v. Watt,* 235 F.3d 154 (3d Cir. 2000). *Hector's* broader holding is that a plaintiff can recover damages for the invasion of privacy that occurs during an unreasonable search or seizure, but if an unconstitutional search uncovers incriminating evidence, the plaintiff cannot recover from injuries resulting from the subsequent criminal prosecution. *See Hector,* 235 F.3d at 156 (adopting holding in *Townes v. City of New York,* 176 F.3d 138, 148 (2d Cir. 1999)). *Hector* primarily reasoned that the application of the exclusionary rule in an underlying criminal prosecution does not necessitate the exclusion of evidence in a § 1983 action for malicious prosecution. *See id.* at 158-160. But it is possible that *Thompson* warrants a reconsideration of *Hector's* reasoning, at least insofar as the *Hector* Court assumed that "the common law ... would prevent a plaintiff who was in fact guilty from obtaining relief for malicious prosecution." *See id.* at 159. It appears that the Third Circuit has not substantially revisited *Hector* since *Thompson* was decided, and it is possible that *Thompson*'s removal of the innocence requirement from the equation could shift this analysis.

Neither party mentioned *Thompson* in their briefings. In presenting a motion for judgment on the pleadings, the moving party has the burden to persuade the court that there are no material issues of fact, and that the movant is entitled to judgment as a matter of law. *See Zimmerman v. Corbett,* 873 F.3d 414, 417 (3d Cir. 2017). Here, the defendant has failed to fully carry this burden: The court lacks confidence in an argument built on an innocence standard that the Supreme Court abrogated almost a year before the instant motion was filed. Therefore, the court declines to dismiss the malicious prosecution claim raised under § 1983. If this argument is raised again, it requires more thorough briefing by both parties.