IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD SMITH, | : |
| *Plaintiff,* | : |
| v. | : CIVIL NO. 22-4739 |
| TROOPER JOHN STEPANSKI, | : |
| *Defendant.* | : |

MEMORANDUM

Scott, J.                                                                                                     August 12, 2024

Plaintiff Edward Smith ("Plaintiff") brings this case against Defendant Trooper John Stepanski ("Defendant") stemming from a traffic stop, vehicle search, and Plaintiff's arrest on January 30, 2020. Currently pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 26), which has been fully briefed. For the reasons set forth below, the Motion for Summary Judgment (ECF No. 26) will be granted. An appropriate Order will follow.

I.   BACKGROUND

On January 30, 2020, Defendant pulled over Plaintiff for "driving too closely"—an offense under the Pennsylvania Vehicle Code. ECF No. 1, Compl. ¶ 9. During the stop, Plaintiff, the only occupant of the vehicle, provided Defendant with his driver's license, registration, and contract for the rental car he was driving. *Id.* ¶ 10; *see also* ECF No. 26-2 ¶ 6. After providing such documentation, Defendant asked Plaintiff to exit his vehicle and consent to a search of his vehicle. Compl. ¶ 11. Plaintiff contends that he rightfully refused to consent to the search, but that Defendant nevertheless proceeded to conduct a search of Plaintiff's vehicle without first establishing probable cause. *Id.* ¶¶ 11–12. During the search, Defendant found a firearm with an

1

obliterated serial number in Plaintiff's car. *Id.* ¶ 12. At the time of the search, Plaintiff was legally prohibited from possessing a firearm due to his prior criminal convictions. ECF No. 26-2 ¶ 5.

Defendant proceeded to arrest Plaintiff and Plaintiff was charged with the following three gun-related charges: (i) possession of a firearm with altered manufacturer's number; (ii) being a person not lawfully allowed to possess, control, sell, or transfer a firearm; and (iii) possession of a firearm without a license. Compl. ¶ 13; ECF No. 26-2 ¶ 7. As a result of the charges, Plaintiff was incarcerated from January 30, 2020 through December 1, 2020, at which time Plaintiff was released after a judge suppressed the evidence found during the search of the car and dismissed all the gun-related charges. ECF No. 26-2 ¶ 9.

## II.  PROCEDURAL HISTORY

Plaintiff filed his Complaint on November 29, 2022, alleging claims of: (i) false detention, false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983; and (ii) malicious prosecution and intentional infliction of emotional distress under state tort law. *See generally* Compl. On March 10, 2023, Defendant filed a Motion for Judgment on the Pleadings (ECF No. 18), which was fully briefed. ECF Nos. 19 (Pl.'s Opp'n), 20 (Def.'s Reply). On October 13, 2023, prior to the Court ruling on the Motion for Judgment on the Pleadings, Defendant filed a Motion for Summary Judgment. ECF No. 26. On October 26, 2023, the Court stayed the briefing deadlines for Defendant's Motion for Summary Judgment pending the Court's decision on Defendant's Motion for Judgment on the Pleadings. ECF No. 28.

On November 21, 2023, the Court granted in part and denied in part Defendant's Motion for Judgment on the Pleadings. ECF No. 31. Specifically, the Court dismissed all claims except the malicious prosecution claim under 42 U.S.C. § 1983. *Id.* In the Court's November 21, 2023 Order doing so, the Court advised the parties to consider whether the recent decision of *Thompson v. Clark*, 596 U.S. 36 (2022) had any effect on Plaintiff's malicious prosecution claim. ECF No.

2

31 at 4. The Court subsequently provided an updated briefing schedule for Defendant's Motion for Summary Judgment (ECF No. 32), which the parties complied with. *See* ECF Nos. 33 (Def.'s Mem. in Further Supp. of his Mot. for Summ. J.), 34 (Pl.'s Resp. in Opp'n), 35 (Def.'s Reply in Supp. of his Mot. for Summ. J.). Accordingly, Defendant's Motion for Summary Judgment has been fully briefed and is ripe for resolution.

### III. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The initial burden of demonstrating that there are no genuine issues of material fact falls on the moving party. Fed. R. Civ. P. 56(a). Once the moving party has met its burden, the nonmoving party must counter with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 151 (3d Cir. 2017) (citation omitted). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "'[O]nly evidence sufficient to convince a reasonable factfinder' merits consideration at this stage." *Fowler v. AT & T, Inc.*, 19 F.4th 292, 299 (3d Cir. 2021) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014)). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). "Where the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

In considering the Motion, the Court draws all reasonable inferences in the nonmovant's favor. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022). Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment. *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996) (citation omitted). Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. *Anderson*, 477 U.S. at 255.

### IV. **DISCUSSION**

As detailed in the Procedural History Section, the only remaining claim in this suit is Plaintiff's malicious prosecution claim under 42 U.S.C. § 1983. To prevail on such a claim, a plaintiff must demonstrate the following five elements: "(1) the defendant[] initiated a criminal proceeding; (2) the criminal proceeding ended in [the] plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant[] acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Harvard v. Cesnalis*, 973 F.3d 190, 203 (3d Cir. 2020) (quoting *Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). Here, Defendant argues he is entitled to summary judgment because Plaintiff has failed to demonstrate a genuine issue of material fact as to the third element—that the proceeding was initiated without probable cause. ECF No. 26 at 7–9. For the reasons that follow, the Court agrees with Defendant.

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Marasco*, 318 F.3d at 514 (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1998)). Although generally

4

the question of probable cause in a § 1983 suit is one for the jury, "a district court may conclude that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding, and may enter summary judgment accordingly." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788–89 (3d Cir. 2000) (internal quotation marks and citations omitted).

Here, it is undisputed that during the search of Plaintiff's vehicle, Defendant found a firearm, and that at the time of the search, Defendant was not permitted to possess a firearm due to his prior criminal convictions. ECF No. 26-2 ¶¶ 3–6. The discovery of the gun gave Defendant probable cause to believe that the gun-related charges had been committed. In light of the foregoing, the Court finds that no reasonable finder of fact could conclude that Defendant lacked probable cause to initiate criminal proceedings against Plaintiff.

In arguing the contrary—that probable cause did not exist—Plaintiff points to the fact that the charges were based on illegally obtained evidence. ECF No. 34 at 2–3. However, as one court within this Circuit put it: "[w]hile the fruits of the allegedly illegal search may be inadmissible in criminal proceedings under the exclusionary rule, the illegality of said search does not vitiate the existence of probable cause in relation to the Court's [malicious prosecution] analysis." *Konopka v. Borough of Wyo.*, 383 F. Supp. 2d 666, 675 (M.D. Pa. 2005); *see also Zamichieli v. Andrews*, No. 12-cv-3200, 2016 WL 8732421, at *4 (E.D. Pa. Apr. 15, 2016) (finding suppression of a gun found during an unreasonable search "does not prevent [the] court from considering such evidence in connection with its analysis of [plaintiff's] § 1983 claims [concerning probable cause for arrest]."); *Padilla v. Miller*, 143 F. Supp. 2d 479, 493 (M.D. Pa. 2001) (explaining "lack of probable cause to [conduct the] search does not vitiate the probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to a § 1983 claimant" (citation

5

omitted)); *cf. Hector v. Watt*, 235 F.3d 154, 157 (3d Cir. 2000) ("Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." (citation omitted)). Thus, the manner in which the gun at issue was discovered does not impact this Court's probable cause determination.

The Court notes that at its request, the parties addressed whether *Thompson v. Clark*, 596 U.S. 36 (2022) had any impact on the probable cause element of a § 1983 malicious prosecution claim. ECF Nos. 31–32. *Thompson* addressed solely the second element of a § 1983 malicious prosecution claim—the requirement of a favorable termination for plaintiff—and in fact, the Supreme Court stated that it was "express[ing] no view, . . . on additional questions that may be relevant on remand, including" the question of probable cause. 59 U.S. at 49.

In his briefing, Plaintiff asserts that *Thompson* did in fact change the probable cause analysis of Plaintiff's malicious prosecution claim. *See* ECF No. 34. However, his argument is conclusory, and every case cited in his brief was decided prior to *Thompson*. *See* ECF No. 34. Moreover, while the argument that the prosecution lacked probable cause because it was based on illegally obtained evidence, "enjoys intuitive appeal," as one court put it, post-*Thompson* decisions have continued to hold that the omission of evidence under the exclusionary rule does not vitiate probable cause in malicious prosecution claims. *See Shrum v. Cooke*, 60 F.4th 1304, 1310 n.3, 1312 (10th Cir. 2023) (holding that probable cause for a search is different than probable cause for the "arrest, continued confinement, or prosecution"); *DeLaRosa v. Villiage of Romeoville*, No. 23-cv-7049, 2024 WL 1579394, *10 (N.D Ill. Apr. 11, 2024) (holding that evidence that is "the fruit of an illegal search does not make it any less relevant to establishing probable cause for the

plaintiff's prosecution because the exclusionary rule does not apply in a civil suit under § 1983 against police officers" (internal quotations and citation omitted)); *Scheer v. Taylor*, No. 22-cv-764, 2023 WL 4211510, at *7 (W.D. Pa. June 2, 2023) (holding that "as to Plaintiff's arrest, neither the exclusionary rule nor the fruit of the poisonous tree doctrine negate the presence of probable cause as to Plaintiff's arrest and subsequent prosecution"), *report and recommendation adopted*, 2023 WL 4209415 (W.D. Pa. June 27, 2023).

Accordingly, as no rational trier of fact could conclude that Defendant lacked probable cause to initiate criminal proceedings against Plaintiff, Plaintiff's malicious prosecution claim fails. Therefore, the Court will grant Defendant's Motion for Summary Judgment (ECF No. 26).

## V.  **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 26) will be granted. An appropriate Order will follow.

BY THE COURT:

_____
**HON. KAI N. SCOTT**
**United States District Court Judge**